IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH THOMAS and JOANNE THOMAS, h/w <br><br> Plaintiffs, <br><br> vs. <br><br> ABX AIR, INC. <br> and <br> PAC NATIONAL <br><br> Defendants | CIVIL ACTION <br><br><br><br> No. 02-CV-03269 <br><br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT ABX AIR, INC.'S, MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(5) & 12(b)(6)**

Defendant ABX AIR, INC. (ABX) hereby moves to dismiss Plaintiffs' Complaint, pursuant to Fed.R.Civ.P. 12(b)(5), for insufficiency of service of process and pursuant to Fed.R.Civ.P 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiffs failed to make a good faith effort to effectuate service. Furthermore, even if service could not have been made within 30 days, Plaintiffs failed to have the Complaint reinstated pursuant to Pa.R.Civ.P 401(b). Therefore, Plaintiffs' claims are now stale, and the action must be dismissed for insufficiency of service of process.

In addition, Plaintiffs' Complaint fails to state a claim upon which relief may be granted because the Statute of Limitations upon the strict liability claim for which plaintiff seeks relief has expired. The Statute of Limitations for a strict liability claim is two years. 42 Pa.C.S.A. § 5524. Plaintiffs' Complaint was served after the Statute of Limitations had expired. Therefore, Plaintiffs' claims are now stale, and the action must be dismiss for failure to state a claim upon which relief may be granted.

  In support of this Motion, Defendant ABX hereby incorporates by reference the facts and legal arguments set forth in the accompanying Memorandum of Law.

               MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS


              BY:_____
                STEPHEN LEDVA, JR., ESQUIRE
                Attorney for Defendant,
                ABX Air, Inc.

DATED: 7/22/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH THOMAS and JOANNE THOMAS, h/w<br><br>                   Plaintiffs,<br><br>                vs.<br><br>ABX AIR, INC.<br>               and<br>PAC NATIONAL<br><br>                   Defendants | CIVIL ACTION<br><br><br>No. 02-CV-03269<br><br><br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ABX AIR, INC.'S
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(5) & 12(b)(6)**

Defendant, ABX AIR, Inc. (ABX) hereby moves to dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(6).

**I.    PROCEDURAL HISTORY**

Plaintiff commenced this instant action by filing the complaint in the Philadelphia County Court of Common Pleas on January 11, 2002. The underlying incident giving rise to the complaint occurred on January 11, 2000. Plaintiff unsuccessfully attempted service of their complaint on Defendant, ABX, on January 11, 2002 and again on February 6, 2002. After failing to serve Defendant, ABX, Plaintiff reinstated their complaint on April 16, 2002, more than sixty (60) days after it was first filed. Shortly after, on April 30, 2002, the complaint was served on Co-Defendant, PAC National. It was not until May 1, 2002, that the complaint was finally served on a registered agent of Defendant, ABX. On May 28, 2002, Defendant, ABX, filed a Notice of Removal of Civil Action to the United States District Court for the Eastern District of Pennsylvania. The case was subsequently removed to the United States District Court for the Eastern District of Pennsylvania.

II.    **ARGUMENT**

    A.    **This Case Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(5)**

A motion filed pursuant to 12(b)(5) allows for dismissal of an action where there exists an "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5)  Under Fed.R.Civ.P.12(b)(5) a defendant may challenge any departure from the procedure for serving him with the complaint for purposes of giving notice of the action's commencement. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil 2D, § 1353 (2d ed. 1990). Under these provisions, a defendant may object to the plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Fed.R.Civ.P. 4. Id. In resolving a motion pursuant to Fed.R.Civ.P. 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made. Grand Entertainment Group. Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488-89 (3d Cir. 1993); Addanki v. Defense Logistics Agency Defense Personnel Support Center, 1996 WL 635590 at *1 (E.D.Pa. 1996).

    B.    **Plaintiffs' Case Should Be Dismissed Because Under Witherspoon Their Failure to Serve the Complaint Within The 30 Day Requirement and Subsequent Failure to Reinstate the Complaint according to Pa.R.Civ.P 401 Bars Their Claim**

Plaintiff's case should be dismissed because under Witherspoon, their failure to comply with Pa. R. Civ. P. 401, provides a bar to their claims. Pa. R. Civ. P., Rule 401(a) reads, in relevant part, "Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa. R. Civ. P. 401(a). Further, 401(b)(2) reads in relevant part, "A writ may be reissued or a complaint reinstated at any time and any number of times." Pa. R. Civ. P. 401(b)(2). Finally, 401(b)(4) reads, "A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed

by subdivision (a) [thirty days] of this rule or by Rule 404 after reissuance, reinstatement or substitution." Pa. R. Civ. P. 401(b)(4).

> The Court in <u>Witherspoon v. City of Philadelphia</u>, 768 A.2d 1079 (Pa. 2001), held that:
>
> when a progression of events by which an action is commenced 'straddles the line' of the limitation period, the process must be served within the time allowed by the Rules of Civil Procedure or, if service cannot be made, the process must be immediately and continually reissued until service is made.

<u>Witherspoon v. City of Philadelphia</u>, 768 A.2d 1079, 1084 (Pa. 2001). Further, the court stated that although under Pa. R. Civ. P. 401(b)(2) allows a writ or complaint to be reinstated at any time and any number of times, it should be construed to permit the reissuance of a writ or reinstatement of a complaint to revive an action in which the statute of limitations has already expired. <u>Id.</u> In <u>Witherspoon</u>, the plaintiff injured himself while in prison. <u>Id.</u> at 1079. The plaintiff's attorney initiated suit by filing a praecipe for writ of summons. <u>Id.</u> Attempts to serve the writs were unsuccessful, and the plaintiff's attorney waited more than eight months before filing their complaint. <u>Id.</u> at 1080. The complaint was subsequently served, and the defendant, City of Philadelphia filed preliminary objections. <u>Id.</u> In their preliminary objections, the defendant, asserted that the failure to serve the writ within thirty days ended any extension of the statute of limitations. <u>Id.</u> The Court affirmed the lower court's ruling sustaining the defendant's preliminary objections, and the plaintiff's claim was dismissed, because the failure to file the complaint within thirty days allowed the statute of limitations to run. <u>Id.</u>

This case is identical to <u>Witherspoon</u>. Here, the Plaintiff commenced an action pursuant to Pa. R. Civ. P. 401, on January 11, 2002. As the underlying incident occurred on January 11, 2000, this was the last day which Plaintiff had before the two year statute of limitations would have expired. However, service was never effectuated on either defendant. Plaintiff then waited approximately two months before reinstating their complaint. Just as in <u>Witherspoon</u>, the

Plaintiff failed to reinstate their complaint within the thirty (30) day time limit proscribed under Pa.R.C.P. 401(a).  As such, the statute of limitations has expired, and thus, effectively bars any suit by the Plaintiff.

    **C.**     **This Case Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

A motion filed pursuant to 12(b)(6) allows dismissal of an action where there is a failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In the instant matter. Plaintiffs' Complaint sets forth allegations of strict liability, pursuant to § 402(a) of the Restatement (Second) of Torts.  In Pennsylvania, there is a two year statute of limitations for a claim of strict liability.  42 Pa.C.S.A. § 5524.  Plaintiffs' did not serve their Complaint upon Defendant ABX until May 1, 2002, which is beyond the two year statute of limitations.  Since the statute of limitations had expired before Defendant ABX was served with the complaint, Plaintiffs' Complaint should be dismissed.

**III.**     **CONCLUSION**

For the aforementioned reasons, Defendant, ABX, respectfully requests this Honorable Court, dismiss the Plaintiff's Complaint with prejudice.

                                              MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS

                                        BY:_____
                                              STEPHEN LEDVA, JR., ESQUIRE
                                              Attorney for Defendant,
                                              ABX Air, Inc.

DATED: 7/22/02