IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMAS and<br>JOANNE THOMAS, h/w | : <br> : <br> : | CIVIL ACTION <br><br> NO. 02-3269 |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| ABX AIR, INC. and PAC NATIONAL | : <br> : | |
| Defendants. | : | |

**ORDER**

AND NOW, this          day of December, 2002, upon consideration of Defendant, ABX Air, Inc.'s Motion to Dimiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) and Plaintiffs' Response thereto, it is hereby ORDERED that the Motion is DENIED.  Defendant, ABX Air, Inc., is ORDERED to file a responsive pleading to Plaintiffs' Complaint within 10 days from the date of this Order.[1]

---

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(5) allows for dismissal of an action where there exists an "insufficiency of service of process."  Fed.R.Civ.P. 12(b)(5). In resolving a motion pursuant to Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made.  Grand Entm't Group Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488-89 (3d Cir. 1993); Addanki v. Defense Logistics Agency Defense Pers. Support Ctr., 1996 WL 635590 at *1 (E.D. Pa. 1996).
    Since this case was originally instituted in state court and then removed to federal court, the Pennsylvania Rules of Civil Procedure apply to the service of the complaint.  See: Denochick v. Demag, 155 F.Supp.2d 386 (E.D. Pa. 2001)(District Court applied Pa.R.C.P. 401 and Pennsylvania common law to determine sufficiency of service in action removed from state court).
    Pa.R.C.P. 401 reads in relevant part, "original process shall be served within the Commonwealth within thirty days after

---

the issuance of the writ or the filing of the complaint." Pa.R.Civ.P. 401(a). Further, Rule 401(b)(2) reads in relevant part, "A writ may be reissued or a complaint reinstated at any time and any number of times." Finally, Rule 401(b)(4) reads, "A reissued, reinstated, or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this Rule or by Rule 404 after reissuance, reinstatement, or substitution."

 Here, the plaintiffs commenced this action on January 11, 2002, the last day before the two-year statute of limitations expired. Approximately two months later, Plaintiffs reinstated their complaint. Defendant contends that the failure to reinstate the complaint within thirty days effectively bars any suit by Plaintiffs because the statute of limitations has expired. The Supreme Court of Pennsylvania has stated that a plaintiff must act in "good faith" to effectuate notice of commencement of an action and "refrain from a course of conduct which serves to stall in its tracks the legal machinery he has set in motion." <u>Lamp v. Heyman</u>, 366 A.2d 882 (Pa. 1976). In this case Plaintiffs have not tried to stall the litigation process. Once they discovered that they did not have a valid address for the defendant, they immediately started an investigation by looking on the internet and in the local telephone directories. When they could not find the address themselves, they hired Confidential Services, which revealed a valid address for the Defendant in Harrisburg, Pennsylvania. Upon receipt of the new address, Plaintiffs reinstated their Complaint on April 16, 2002 and the Complaint was promptly served on May 1, 2002.

 Defendant relies on <u>Witherspoon v. City of Philadelphia</u>, 768 A.2d 1079 (Pa. 2001), in support of its position that good faith is not enough. In <u>Witherspoon</u>, the matter was instituted in September of 1996 and the complaint was not served until June of 1997, nine months after the writ was filed. <u>Id.</u> at 1080. The Court held that when the progression of events by which an action is commenced "straddles the line" of the limitation period, the process must be served within the time allowed by the Rules of Civil Procedure, or if service cannot be made, the process must be immediately and continually reissued until service is made. <u>Id.</u> at 1084. Contrary to Defendant's assertion, however, the <u>Witherspoon</u> Court did not hold that a plaintiff must reissue or reinstate a complaint every thirty days when it does not have a valid address for the defendant. We therefore find that this case is distinguishable from <u>Witherspoon</u> because Plaintiffs here did not idly wait for nine months until they reinstated their complaint. Instead, the Plaintiffs used due diligence by searching for the Defendant's correct address and promptly reissuing the complaint when a valid address was discovered. In

2

BY THE COURT:


_____
J. CURTIS JOYNER,            J.

---

addition, it only took Plaintiffs two months to accomplish this, as opposed to the nine months in <u>Witherspoon</u>.  Therefore, Plaintiffs have met their burden of acting in good faith to effectuate service.

Defendant has also asserted that Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action upon which relief can be granted, as it is barred by the statute of limitations. The plaintiffs' Complaint alleges a claim of strict liability, pursuant to § 402(A) of the Restatement (Second) of Torts.  In Pennsylvania, there is a two-year statute of limitations for a claim of strict liability.  42 Pa.C.S.A. § 5524.  In light of our finding that Plaintiffs filed their complaint within two years from the date of the accident and that service was appropriate pursuant to the Pennsylvania Rules of Civil Procedure, we conclude that Plaintiffs' claims are not barred by the statute of limitations.  Therefore, Plaintiffs' Complaint shall not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

3