DAVIS, PARRY, TYLER & WRIGHT
By: Robert S. Davis
Attorney I.D. No. 02752
Fourteenth Floor
1525 Locust Street
Philadelphia, PA  19102-3732          Attorney for Third-Party Defendant, The Granger
(215) 732-3755                        Plastics Company

---

| | | |
|---|---|---|
| JOSEPH THOMAS and JOANNE THOMAS, h/w | : | IN THE UNITED STATES |
| | : | DISTRICT COURT FOR THE EASTERN |
| v. | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| ABX AIR, INC. and | : | |
| PAC NATIONAL | : | |
| v. | : | |
| MEESE, INC., | : | |
| TRI-LINK TECHNOLOGIES, LTD. and | : | |
| GRANGER INDUSTRIES, INC. | : | No. 02-CV-3269 |

---

## ANSWER, COUNTERCLAIM AND CROSSCLAIMS

The third-party defendant, The Granger Plastics Company, incorrectly designated Granger Industries, Inc. (Granger) by its attorney, Robert S. Davis, responds as follows to the Third-Party Complaint of Defendant, ABX Air, Inc. (ABX):

### FIRST DEFENSE

Granger is without knowledge or information sufficient to form a belief as to the truth of the averments in the Complaint, the Notice of Removal and the Third-Party Complaint as to the residency and citizenship of any party other than Granger or that the amount in controversy exceeds the jurisdictional amount because the means of proof thereof are within the exclusive control of the plaintiffs and other parties hereto and therefore averments as to citizenship of the parties and the amount at issue are denied and

1

strict proof thereof is demanded.

## SECOND DEFENSE

Granger responds to each paragraph of the Third-Party as follows:

1. Following reasonable investigation Granger is without information sufficient to admit or deny these averments and thus they are denied.

2. Following reasonable investigation Granger is without information sufficient to admit or deny these averments and thus they are denied.

3. Following reasonable investigation Granger is without information sufficient to admit or deny these averments and thus they are denied.

4. Following reasonable investigation Granger is without information sufficient to admit or deny these averments and thus they are denied.

5. Granger, referring to the correction to its name stated above, denies these averments as the container allegedly involved in plaintiff, Joseph Thomas', accident has not been identified.

6. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response.

7. It is denied that Granger is or has been involved in business in this district.

8. The averments of this paragraph require no specific response as they refer to a writing which speaks for itself.

9. The averments of this paragraph require no specific response as they refer to a writing which speaks for itself.

10. Following reasonable investigation Granger is without information sufficient to admit or

deny these averments and thus they are denied.

11. The averments of this paragraph require no specific response as they refer to a writing which speaks for itself.

12. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

13. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

14. Denied, as the subject container has not been identified as having any involvement with or participation by Granger.

## COUNT I

15. Paragraphs 1 through 14 are incorporated herein by reference.

16. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

17. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

## COUNT II

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. The averments of this paragraph are directed solely to a party other than Granger from

which no response is required.

20. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

21. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

### COUNT III

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

24. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

### COUNT IV

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

27. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

28. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

## COUNT V

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

31. The averments of this paragraph are directed solely to a party other than Granger from which no response is required.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

## COUNT VI

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Denied, the container at issue not having been identified to Granger.

34. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response; insofar as any response is deemed required, denied.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

## COUNT VII

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. Denied, the container at issue not having been identified to Granger; the averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response; insofar as any response is deemed required, denied.

37. Denied, the container at issue not having been identified to Granger; the averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response; insofar as any response is deemed required, denied.

38. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response; insofar as any response is deemed required, denied.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

## COUNT VIII

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. That a contract was entered into is admitted; any characterization of the writing is denied as it speaks for itself.

41. The averments of this paragraph require no specific response as they refer to a writing

which speaks for itself; the averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response; insofar as any response is deemed required, denied.

42. The averments of this paragraph consist of a conclusion or conclusions of law requiring no specific response; insofar as any response is deemed required, denied.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

Granger asserts the following defenses to the Third-Party Complaint and the plaintiffs' Complaint:

### THIRD DEFENSE

The plaintiffs' Complaint and the Third-Party Complaint fail to set forth a claim or cause of action against answering third-party defendant upon which relief can be granted.

### FOURTH DEFENSE

The claims of the plaintiffs are or may be barred by applicable statutes of limitation.

### FIFTH DEFENSE

The claims of the plaintiffs are or may be barred by applicable statutes of repose.

### SIXTH DEFENSE

The claims of the plaintiffs are or may be barred or limited by their negligence or contributory negligence and by the effect of the Pennsylvania Comparative Negligence Act.

### SEVENTH DEFENSE

The claims of the plaintiffs are or may be barred by the effect of the doctrine of assumption

of risk.

**EIGHTH DEFENSE**

It is denied that Granger was negligent in any way or was involved in any other liability-producing conduct or failure to act of any description.

**NINTH DEFENSE**

It is denied that the plaintiffs have a right to any prejudgment interest or delay damages, as the lack of constitutionality of Pennsylvania delay damages rules is hereby raised and it is further denied that plaintiffs are entitled to any delay damages during any period of delay in the trial of this action caused or contributed to by the plaintiffs and their attorney.

**TENTH DEFENSE**

Granger hereby incorporates by reference, as if set forth in full, all of the defenses and affirmative defenses averred herein by other defendants including third-party defendants and any defendants subsequently joined to this action.

**ELEVENTH DEFENSE**

The negligent acts or omissions or otherwise liability-producing conduct on the part of other individuals or entities, including but not limited to other parties to this action, may have caused or contributed to the plaintiffs' injuries or damages, if any, and may have thereby constituted an intervening, superseding cause thereof.

**TWELFTH DEFENSE**

Any injuries or damages proven by the plaintiffs in this action were not proximately caused by Granger.

**THIRTEENTH DEFENSE**

The claims of the plaintiffs are barred or limited by the misuse, abuse and/or use in a manner other than for its intended use and purpose, by the plaintiffs or others of any product supplied in any fashion by Granger.

**FOURTEENTH DEFENSE**

The claims of the plaintiffs against Granger are barred by reason of any material changes to any product supplied in any fashion by Granger as may have existed at the time of the plaintiffs' alleged accident.

**FIFTEENTH DEFENSE**

Any product supplied in any fashion by Granger that is relevant or material to the plaintiffs' causes of action was, at every relevant time, consistent in every way with contract specifications set by a sovereign governmental body, agency or entity or by another entity separate and apart from Granger.

**SIXTEENTH DEFENSE**

The plaintiffs' injuries and losses were caused solely by negligent, careless or otherwise liability-producing conduct of persons or entities over which Granger had no control or right of control.

**SEVENTEENTH DEFENSE**

It is denied that any product supplied in any fashion by Granger was defective in any way.

**EIGHTEENTH DEFENSE**

The collateral source rule does not apply such that, if the plaintiffs should be awarded money damages, such a possibility being specifically denied, then the amount of said damages must be reduced by the total amount of any payments the plaintiffs have received from any collateral source.

**NINETEENTH DEFENSE**

Incidental and consequential damages, if any, are not recoverable under the warranty claims asserted by the plaintiffs.

**TWENTIETH DEFENSE**

Granger did not extend any warranties to the plaintiffs or other parties hereto or otherwise as averred in prior pleadings in this action, including plaintiffs' Complaint and the Third-Party Complaint.

**TWENTY-FIRST DEFENSE**

Plaintiffs' and third-party plaintiff's claims are barred and/or limited by applicable disclaimers of warranty and limitation of damages provisions relative to any product involved in this litigation.

**TWENTY-SECOND DEFENSE**

If Granger was negligent or otherwise responsible for any liability-producing action or inaction relative to the subject matter of the plaintiffs' Complaint or the Third-Party Complaint, all such allegations being denied, Granger's negligence or other liability-producing action was passive and the injuries sustained by the plaintiff, Joseph Thomas, were the result of an intervening negligent or otherwise liability-producing act of a third person or persons forming a superseding cause of the said plaintiff's injuries and, as a consequence, Granger is without liability to the plaintiff or any other party to this action.

**TWENTY-THIRD DEFENSE**

Any claims by the plaintiffs or any other party to this action based upon alleged warranties, express or implied, are barred in that there is no privity of contract between plaintiffs or any other claimant with respect to Granger and there has been no timely notice of any alleged breach of warranty given to

Granger.

## TWENTY-FOURTH DEFENSE

The cause or causes of action set forth in the plaintiffs' Complaint and the Third-Party Complaint are barred or limited by the terms of any and all documents associated with the manufacture and/or sale of the product, including, but not limited to, any and all sales receipts, contract of sale, instructions, directions, manuals, diagrams, blueprints, warnings, disclaimers, advertisements, brochures, and any and all other such documents.

## TWENTY-FIFTH DEFENSE

Granger made no misrepresentations to any parties concerning the nature, function, use, performance, or design of Granger's products.

## TWENTY-SIXTH DEFENSE

Any product designed, manufactured, or distributed by Granger, averments regarding thereto being expressly denied, was not a substantial contributing factor to any injury or damage alleged to have been sustained by plaintiffs.

## TWENTY-SEVENTH DEFENSE

If the product in question was designed, manufactured and/or sold by Granger, said averment being expressly denied, the product was a component part of a larger product and was not itself a finished product.

## TWENTY-EIGHTH DEFENSE

The product in question, which is the subject or a subject of the plaintiffs' Complaint, complied with the state of the art.

### TWENTY-NINTH DEFENSE

Plaintiffs and third-party plaintiff have failed to and/or have improperly or inadequately or untimely notified Granger of any alleged breach of warranties, such alleged breaches being expressly denied.

### THIRTIETH DEFENSE

Any warranties that were extended to plaintiffs or third-party plaintiff were fulfilled, terminated or disclaimed.

### THIRTY-FIRST DEFENSE

Plaintiffs' or third-party plaintiff's damages, if any, under any breach of warranty claims, are limited to the difference in value of the goods as accepted at the time and place of the acceptance, and the value they would have had, had they been as warranted.

### THIRTY-SECOND DEFENSE

Plaintiffs' or third-party plaintiff's claims may be barred by the learned intermediary and/or sophisticated user doctrine.

### THIRTY-THIRD DEFENSE

The claims of the plaintiffs or third-party plaintiff are or may be barred by the doctrines of claim preclusion, res judicata, issue preclusion and collateral estoppel.

### THIRTY-FOURTH DEFENSE

Granger claims as a complete defense the fact that the subject product was supplied pursuant to the requirements of the ultimate user.

### THIRTY-FIFTH DEFENSE

Granger owed no duty to plaintiffs or third-party plaintiff.

### THIRTY-SIXTH DEFENSE

Granger breached no duty to plaintiffs or third-party plaintiff.

### THIRTY- SEVENTH DEFENSE

In the event liability is established against Granger, said liability being expressly denied, then the percentage of fault allegedly attributable to said defendant is less than sixty percent of the total degree of fault as among all defendants, and therefore is limited to the specific degree of fault assessed or so attributed.

### THIRTY-EIGHTH DEFENSE

All containers of the general type at issue herein, supplied at any time by Granger, were designed, in whole or in part, by the third-party plaintiff and/or its related entities and utilized components designed and/or manufactured by the third-party plaintiff and/or its related entities.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the third-party plaintiff, against the plaintiffs and against all other parties hereto.

### COUNTERCLAIM

Third-party defendant Granger asserts that the third-party plaintiff is liable to it for contribution or indemnification for the following reasons:

1. For purposes of this Counterclaim all allegations of the plaintiffs' Complaint and the Third-Party Complaint, otherwise at issue and not admitted by counterclaimant, are incorporated herein.

2. If it is judicially determined that the plaintiffs have a right to recover damages, same being denied, then such recovery should be effected only against the third-party plaintiff ABX Air, Inc. and in the event of a judgment for the plaintiffs and against the third-party defendant and counterclaimant Granger, said party is entitled to and requests judgment against ABX Air, Inc. for contribution and indemnification.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the plaintiff, and in regard to its counterclaim, respectfully requests judgment in its favor and against the defendant and third-party plaintiff ABX Air, Inc. for contribution or indemnification.

## CROSSCLAIM

The third-party defendant, The Granger Plastics Company, crossclaims against the defendants, ABX Air, Inc. and PAC National, and third-party defendants, Meese, Inc. and Tri-Link Technologies, LTD as follows:

1. For purposes of this crossclaim the averments of fact and the averments of fault and liability set forth in plaintiffs' Complaint and the Third-Party Complaint, otherwise at issue as set forth above, are incorporated herein.

2. If it is judicially determined that the plaintiffs have a right to recover damages, same being denied, then such recovery should be effected only against the defendants, ABX Air, Inc. and PAC National, and third-party defendants, Meese, Inc. and Tri-Link Technologies, LTD, and in the event of a judgment for the plaintiff and against the third-party defendant and crossclaimant, The Granger Plastics Company, said third-party defendant is entitled to and requests judgment against the defendants, ABX Air,

Inc. and PAC National, and third-party defendants, Meese, Inc. and Tri-Link Technologies, LTD, for contribution and indemnification.

WHEREFORE, the third-party defendant, The Granger Plastics Company, respectfully requests judgment in its favor and against the plaintiffs and, in regard to its crossclaim, respectfully requests judgment in its favor and against the defendants, ABX Air, Inc. and PAC National, and third-party defendants, Meese, Inc. and Tri-Link Technologies, LTD, for contribution or indemnification.

Date:   April 8, 2003

_____
ROBERT S. DAVIS
Attorney for Third-Party Defendant, The Granger Plastics Company