UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH THOMAS AND JOANNE THOMAS, H/W | : |
| | : CIVIL ACTION |
| V. | |
| | : |
| ABX AIR, INC.; AND PAC NATIONAL | |
| | : NO. 02-3269 |
| V. | |
| | : |
| MEESE, INC.; TRI-LINK TECHNOLOGIES, LTD.; AND GRANGER INDUSTRIES, INC. | : |

**ANSWER OF THIRD PARTY DEFENDANT MEESE, INC.
TO THE THIRD PARTY PLAINTIFF'S COMPLAINT
OF ABX AIR, INC.**

1. Admitted.

2. Admitted.

3. Denied. Answering Third Party Defendant, Meese, Inc., specifically denies it has a principal place of business at 1745 Cragmont Street, Madison, Indiana, but to the contrary, has a principal place of business 535 North Midland Avenue, Saddlebrook, New Jersey 07663-5521. Third Party Defendant, Meese, Inc., specifically denies that it engaged in the design, manufacture, distribution, sale of any product, including the container or the component parts of the container referred to in Plaintiffs' Civil Action Complaint. Third Party Defendant, Meese, Inc., specifically denies the manufacture of any component part of the container referred to in Plaintiffs' Civil Action Complaint and demands strict proof thereof at the time of Trial.

4. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

5. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

6. Admitted.

7. Admitted.

8. It is admitted that Plaintiff, Joseph Thomas, alleges in his Complaint that on or about January 11, 2000, he was injured by a container which struck the Plaintiff in the head. Answering Third Party Defendant, Meese, Inc., denies each and every allegation of Plaintiffs' Civil Action Complaint as is set forth herein at length.

9. It is admitted that Plaintiff alleges in the Civil Action Complaint that the container which struck the Plaintiff in the head was sold, manufactured, installed and designed by the original Defendants, ABX Air, Inc. and PAC National.

10. Admitted in part. Denied in part. It is admitted that Plaintiff has not identified the specific container involved in the incident of January 11, 2000. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the remaining allegations of this paragraph and therefore said allegation is deemed denied and strict proof thereof is demanded at the time of Trial.

11. Admitted in part. Denied in part. It is admitted that Plaintiff alleges the container was defective as set forth in the Complaint as well as alleging negligence of the Defendant, ABX Air, Inc., but after reasonable investigation, answering Third Party Defendant, Meese, Inc., is unable to admit or deny the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is

demanded at the time of Trial.

12. Denied. Answering Third Party Defendant, Meese, Inc., specifically denies it engaged in selling, marketing, manufacturing, distribution or design of the container referred to in Plaintiffs' Civil Action Complaint in whole or in part, and in particular, its specifically denies that it manufactured the door, the door assembly of the container and demands strict proof thereof at the time of Trial.

13. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

14. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

**COUNT I - ABX AIR, INC. v. MEESE, INC.**

15. Answering Third Party Defendant, Meese, Inc., incorporates by reference its responses to paragraphs 1 through 14 as is set forth fully herein at length.

16. Denied. Answering Third Party Defendant, Meese, Inc., specifically denies it manufactured, sold, designed, distributed and/or otherwise put into the stream of commerce, the container referred to in Plaintiffs' Civil Action Complaint, in particular, what are known as truck containers. Answering Third Party Defendant, Meese, Inc., specifically demands strict proof thereof at the time of Trial.

17. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

## COUNT II - ABX AIR, INC. v. MEESE, INC.
## BREACH OF WARRANTY

18. Answering Third Party Defendant, Meese, Inc., incorporates by reference its responses to paragraphs 1 through 17 as is set forth fully herein at length.

19. Denied. Answering Third Party Defendant, Meese, Inc., specifically denies any warranties, expressed or implied, and after reasonable investigation Third Party Defendant is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

20. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

21. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

## COUNT III - ABX AIR, INC. v. TRI-LINK TECHNOLOGIES, LTD.

22. Answering Third Party Defendant, Meese, Inc., incorporates by reference its responses to paragraphs 1 through 21 as is set forth fully herein at length.

23. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at

the time of Trial.

24. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

## COUNT IV - ABX AIR, INC. v. TRI-LINK TECHNOLOGIES, LTD.
## BREACH OF WARRANTY

25. Answering Third Party Defendant, Meese, Inc., incorporates by reference its responses to paragraphs 1 through 24 as is set forth fully herein at length.

26. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

27. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

28. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

### COUNT V - ABX AIR, INC. v. TRI-LINK TECHNOLOGIES, LTD. - CONTRACT

29. Answering Third Party Defendant, Meese, Inc., incorporates by reference its responses to paragraphs 1 through 28 as is set forth fully herein at length.

30. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

31. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

### COUNT VI - ABX AIR, INC. v. GRANGER INDUSTRIES, INC.

32. Answering Third Party Defendant, Meese, Inc., incorporates by reference its responses to paragraphs 1 through 31 as is set forth fully herein at length.

33. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

34. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

**COUNT VII - ABX AIR, INC. v. GRANGER INDUSTRIES, INC.**

**BREACH OF WARRANTY**

35. Answering Third Party Defendant, Meese, Inc., incorporates by reference its responses to paragraphs 1 through 34 as is set forth fully herein at length.

36. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

37. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

38. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

**COUNT VIII - ABX AIR, INC. v. GRANGER INDUSTRIES, INC. - CONTRACT**

39. Answering Third Party Defendant, Meese, Inc., incorporates by reference its responses to paragraphs 1 through 38 as is set forth fully herein at length.

40. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

41. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph

and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

42. Denied. After reasonable investigation answering Third Party Defendant, Meese, Inc., is unable to form a belief as to the truth of the allegations of this paragraph and therefore said allegations are deemed denied and strict proof thereof is demanded at the time of Trial.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and the Third Party Defendant's Complaint failed to state a claim or a cause of action against answering Third Party Defendant, Meese, Inc., upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims of the Plaintiffs are or may be barred by the applicable Statute of Limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are or may be barred or limited by the Plaintiffs' negligence or the contributory negligence of the Plaintiff and by the Pennsylvania Comparative Negligence Act.

**FOURTH AFFIRMATIVE DEFENSE**

Claims of the Plaintiffs are or may be barred by the Doctrine of Assumption of the Risk.

**FIFTH AFFIRMATIVE DEFENSE**

Meese, Inc., specifically denies it sold, manufactured, designed, distributed and/or otherwise put into the stream of commerce the container and/or any component part of the container involved in Plaintiffs' alleged injuries and accident.

### SIXTH AFFIRMATIVE DEFENSE

Any injuries or damages proven by the Plaintiff in this action were not proximately caused by Meese, Inc.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs are barred or limited by the defense of misuse, abuse and/or use in a manner other than for its intended use and purpose of the product herein.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs against Meese, Inc. are barred by reason of any material changes to any product supplied in any fashion by Meese, Inc. as may have existed at the time of Plaintiffs' alleged injuries.

### NINTH AFFIRMATIVE DEFENSE

It is denied that any product and/or component part supplied in any manner by Meese, Inc. was defective.

### TENTH AFFIRMATIVE DEFENSE

Meese, Inc. did not extend any warranties, expressed or implied, to Third Party Plaintiffs, ABX Air, Inc. or any other parties hereto, or otherwise as averred in pleadings in this action, including Plaintiffs' Civil Action Complaint and the Third Party Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or Third Party Plaintiffs claims may be barred by the Learned Sophisticated User Doctrine.

WHEREFORE, answering Third Party Defendant, Meese, Inc., demands that the Third Party Complaint of ABX Air, Inc. be dismissed with prejudice.

MARGOLIS EDELSTEIN


BY: _____
     WALTER J. TIMBY, III, ESQUIRE
     Attorney for Third Party Defendant
     Meese, Inc.
     Identification No. 23894
     The Curtis Center - Fourth Floor
     Independence Square West
     Philadelphia, PA 19106-3304
     (215) 922-1100

## **VERIFICATION**

Walter J. Timby, III, Esquire, states that he is the attorney for Meese, Inc., Third Party Defendant herein; that he is acquainted with the facts set forth in the foregoing Answer to Third Party Complaint of ABX Air, Inc.; that the same are true and correct to the best of his knowledge, information and belief, and that the statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　WALTER J. TIMBY, III, ESQUIRE

Dated:

**CERTIFICATE OF SERVICE**

  I, WALTER J. TIMBY, III, ESQUIRE, hereby certify that a true and correct copy of Third Party Defendant's Answer to Third Party Complaint of ABX Air, Inc., was sent to all parties, via United States mail, postage pre-paid, on April 15, 2003.

| | |
|---|---|
| Thomas F. Sacchetta, Esquire<br>SACCHETTA & BALDINO<br>308 East 2nd Street<br>Media, PA 19063 | Robert S. Davis, Esquire<br>DAVIS, PARRY, TYLER & WRIGHT<br>1525 Locust Street, 14th Floor<br>Philadelphia, PA 19102 |
| Stephen Ledva, Jr., Esquire<br>MINTZER, SAROWITZ, ZERIS & LEDVA<br>22nd Floor<br>1528 Walnut Street<br>Philadelphia, PA 19102 | Marc F. Ullom, Esquire<br>LAW OFFICE OF ANNA WALDHERR<br>Two Penn Center Plaza<br>1500 JFK Boulevard, Suite 1120<br>Philadelphia, PA 19102 |

        MARGOLIS EDELSTEIN

        BY: _____
           WALTER J. TIMBY, III, ESQUIRE
           Attorney for Third Party Defendant
           Meese, Inc.
           Identification No. 23894
           The Curtis Center - Fourth Floor
           Independence Square West
           Philadelphia, PA 19106-3304
           (215) 922-1100