IN THE UNITES STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMAS and<br>JOANNE THOMAS, h/w | : | CIVIL ACTION NO. 02-3269 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ABX AIR, INC. and PAC NATIONAL | : | |
| Defendants | : | |

## ORDER

      **AND NOW,** this _____ day of _____, 2003, upon consideration of Motion by the Defendants ABX Air, Inc. for Summary Judgment and Plaintiff's Response thereto, it is hereby **ORDERED and DECREED** that Defendants' Motion is **DENIED.**

                      **BY THE COURT:**

                                                  _____**J.**

IN THE UNITES STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMAS and | : | CIVIL ACTION NO. 02-3269 |
| JOANNE THOMAS, h/w | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ABX AIR, INC. and PAC NATIONAL | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT**

I.  **COUNTER STATEMENT OF FACTS**

Plaintiff filed a Complaint on January 11, 2001 asserting claims against Defendant ABX Air in the nature Strict Liability, Negligence, and Loss of Consortium arising from an injury sustained while Plaintiff was working as a courier for Airborne Freight Corporation. At the time, Plaintiff was working for Airborne Freight Corporation, he was unloading parcels from a truck container in which parcels are transported. Defendant in this case, ABX Air, Inc. was responsible for the transporting of the parcels as well as for the containers in which the parcels were transported. Specifically, the container in question has been identified as a "small blue" container. Different containers have been identified differently, however, this specific container in question and the subject of this litigation has been identified as a ABX product. Said design has been traced to ABX Air Defendant in this matter. The truck container is a four (4) wheel open top package container. The cart is about is about sixty-nine (69) inches

high, sixty-six (66) inches wide and twenty-nine (29) inches deep. The shell is attached to the top of the base which is six (6) inches above the floor. The container shell is sixty-three (63) inches tall. The shell has four (4) grab handles about three-quarters (3/4) of the container height above the floor. A door on the front provides access to the contents of the container. Access is to a single vertical sliding plywood door made of three (3) sections. The sections are hinged between the top and the middle and between the middle and the bottom. The top section folds forward so the container can be partially unloaded. To open the door, the door assembly is raised slightly to clear the tabs on the top panel from the tracks so that the hinged thirty (30) inch high top panel can be lowered. The top panel folds over the two (2) lower panels. When the unloader requires access to the lower half of the container, the door assembly is raised until the top panel and twenty-three (23) inch high middle panel fold backward over the top of the container with the upper panel. In this raised position, the lower panel top edge stops at the top of the door frame. The door is equipped with a web strap at the top of the bottom door section and two in line cut-outs at the center top of the middle section and the center bottom of the upper section. The door channels are about one (1) inch deep.

      On the day in question, Mr. Thomas was unloading truck containers. Mr. Thomas lowered the top door section over the two (2) lower sections and partially unloaded the container. When Mr. Thomas needed access to the lower section of the container, he raised the folded door assembly, which became stuck. The door released and suddenly moved upward. The door came out of the track and struck Mr. Thomas in the head. (See Exhibit "A" attached report of Expert Cliff Anderson) Mr. Thomas lost consciousness after he was struck. (See Dep.of Thomas attached hereto and marked Exhibit "B").

## II.    ARGUMENT

Defendant now comes to this Court requesting Summary Judgment. Pursuant to Federal Rule of Civil Procedure 56 (c) the Court shall render Summary Judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with Affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a Judgment as a matter of law. It is the burden of the moving party to identify those portions of the record that it believes demonstrates the absence of a material fact. In the instant case, Defendants have failed to meet their burden and as such, it is respectfully requested that the Court deny the Defendants' Motion for Summary Judgment.

Defendants' first argument suggests that Defendants claim under §402 A fails as a matter of law because Defendants allege that they are not a "seller" in the technical sense. Defendants' argument is misplaced. It has been held that the term "seller" in § 402 A is used generically to include all suppliers of products. <u>Berkebile v. Brantley Helicopter Corp.,</u> 337 A.2d. 893, 462 Pa. 83 (1975). All those engaged in the business of supplying products for use or consumption are subject to <u>strict liability</u> for injuries caused by a defective condition unreasonably dangerous to the user or the consumer of its property. <u>Francioni v. Gibsonia Truck Corp.,</u> 372 A.2d. 736, 472 Pa. 362 (1997).

The Supreme Court of Pennsylvania has given wide birth to § 402 A and has found that liability extends to all suppliers in the distributive chain. <u>Dialick v. Pittsburgh Brewing Co.,</u> 242 A.2d. 231, 430 Pa. 176 (1960). The Court has also recognized that liability does not turn on the technical existence of a sale. <u>Hoffman v. Misericordia Hospital,</u> 267 A.2d.867, 439 Pa. 501 (1970). In <u>Grubb v. Einstein Medical Center,</u> 387 A.2d. 480, 255 Pa. Super., the Court

interpreting the Restatement of Torts (Second) §402 A in Pennsylvania held that a Hospital need not sell a product to be liable under this Section. The Court held that a Hospital can be held liable under §402 A merely by supplying defective products. In the instant case, it is directly in point, in that Defendant ABX Air supplies the truck containers for use by Airborne Freight Corporation for transportation of the air freight. There is no doubt in this case that Defendant, ABX Air, as a supplier of the "container" is a seller and supplier satisfying the requirements under §402 A and holding them to the Standard of Strict Liability.

Defendants' request for Summary Judgment under this argument should be denied as Plaintiff's Strict Liability claim is met as a matter of law.

Defendant next argues that Plaintiff's Products Liability Claim fails because the product was not unreasonably dangerous. Again, Defendants' argument is misplaced. The question of whether a product is unreasonably dangerous is a question of law. *Azzarello v. Black Brothers Co.*, 391 A.2d 1020 (Pa. 1978). In answering this question, a Court is essentially making a social policy determination in acting as both a social philosopher and a risk utility economic analyst. Unfortunately, because the Pennsylvania Supreme Court has not identified the exact threshold risk-utility analysis which should be followed. The Pennsylvania Supreme Court has suggested a set of factors to be considered in this risk utility analysis which include the following:

      (1)      The gravity of the danger posed by the challenge design;

      (2)      The likelihood that such danger would occur;

      (3)      The mechanical feasibility of a safer design;

      (4)      The financial cost of the safer design; and

      (5)    The adverse consequences to the product that would result from a safer design. *Dambacher v. Mallis,* 485 A.2 408, 336 Pa. Super. 22 (1984) .

Using this approach, given the fact that the danger posed by the design significance as evidenced by the injuries sustained to Mr. Thomas including a significant head injury causing cognitive deficit.  In the likelihood that such danger would occur given the fact the doors would routinely come off, first to test the risk utility analysis have been met for an unreasonable product.  With regard to the mechanical feasibility of a safer design, a safer design would be simple as clarified in Plaintiff's Expert Report.  This simple installation of the stop preventing the lower door from rising out of the track would be appropriate.  Financial cost of the safer design is minimal and there really would be no adverse consequences to the product as a result of the safer design.  Given these factors, the only conclusion that can be drawn is that the product is and should be considered unreasonably dangerous by the Court.  Even using the factors set forth in the case of *Surace v. Catepillar, Inc. ,* 111 F.3d 1039 (3d. Cir. 1997), the conclusion would be the same that the product is unreasonably dangerous.  The likelihood would cause injury and the probable seriousness of the injury are significant.  The door in question, struck Plaintiff in the head is a large wooden door.  The fact that it could be easily pushed off the track and come down with such force that it would knock a man of Mr. Thomas' stature to the ground is significant. The fact that it caused such a significant head injury including cognitive deficit, causing this individual to miss a substantial amount of time from work is an important factor that should be considered by this Court in declaring this product unreasonably dangerous.  The substitute product would be simple to meet the standard of this industry. Plaintiff's expert has opined that all that was necessary to make this product essentially safe, would be a stop on the door.  The

problem that Mr. Thomas encountered could have been avoided. The manufacturer's ability to eliminate this problem without impairing its usefulness or making it too expensive to maintain its utility is minimal. The user's ability to avoid the danger by the exercise of due care with regard to this product is almost unavoidable. Given the fact that these containers are loaded with much product and they shift on movement is something that the manufacturer should clearly have knowledge and notice of. There is no choice given to the user of the product but to attempt to open the door in order to remove the product. All exercise of reasonable care would not have avoided the danger caused by this defective product. The Court also would consider the user's anticipated awareness of the dangers inherited in the product and their avoidability. However, in this particular case, there were no warnings or instructions and no knowledge of any awareness by the user. As in the case of *Surace* applying the seven (7) *Wade* factors to the instant case favor Plaintiff, Joseph Thomas, in this case, in the risk-utility balance. As such, the inevitable conclusion which can be drawn from either risk utility analysis which has been applied by the Pennsylvania Courts would lead to the conclusion that the container in question is in fact unreasonably dangerous under a §402 claim.

      Defendant argues as its third point, that the Plaintiff lacks evidence to establish a *prima facie* case of strict liability. Under Pennsylvania law, in order for a Plaintiff to prove a case of strict liability, he must show that the supplier of a product is liable for the injuries caused to the Plaintiff by the a defect in the article which existed when the product left the possession of the supplier. Such liability is imposed even if the supplier has taken all possible care in preparation and sale of the product. Plaintiff has produced an Expert Report from a professional engineer indicating that the product design is defective. Specifically, the conclusion drawn by Clifford B,

Anderson, P.E. was that the ABX truck container was defective in design and dangerous in a matter that caused Mr. Thomas' injury. As Plaintiff has presented a §402 A claim for a design defect, he has met his burden at this juncture and summary judgment is clearly not appropriate.

The fourth argument set forth by the Defendant is that the Plaintiff's negligence claim fails because of lack of evidence and as a matter of law. Standard Negligence Analyst would apply in this case separate and distinct from any claim made by the Plaintiff under §402 A. There is no doubt, and I believe it is conceded, that the Defendant ABX Air owed a duty to the Plaintiff to ensure that the container and door were in a safe and useable condition. Plaintiff's testimony alone sustains his burden of a *prima facie* case that the duty by ABX Air was breached. Plaintiff was doing his usual duties as a courier when the container he was using failed. Specifically, the door did not have a stop such that the door would come right out of the track. This failure to have any type of stop on the door directly caused injury to the Plaintiff. It is for the jury to decide whether or not the duty to the Plaintiff was breached and whether or not the Defendants were negligent. Plaintiff has produced an Expert Report regarding causation and negligence. As such, Defendants' argument is without merit.

### III.   CONCLUSION

For all the foregoing reasons, it is respectfully requested that Defendants' Motion for Summary Judgment be denied. Pursuant to Federal Rules of Civil Procedure 56 (c), Summary Judgment is only proper if there is no genuine issue as to any material fact. It is clear from the above, that there are genuine issues of material fact which would preclude Defendants' entitlement to a Judgment as a matter of law.

Respectfully submitted:

**SACCHETTA & BALDINO**

**BY:**_____
    **THOMAS F. SACCHETTA, ESQUIRE**
    **Attorney for Plaintiff**

## **VERIFICATION**

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of his knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

                                                                      _____
THOMAS F. SACCHETTA, ESQUIRE
Attorney for Plaintiff

## IN THE UNITES STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMAS and | : | CIVIL ACTION NO. 02-3269 |
| JOANNE THOMAS, h/w | : | |
|            Plaintiff | : | |
| | : | |
|    v. | : | |
| | : | |
| ABX AIR, INC. and PAC NATIONAL | : | |
|            Defendants | : | |

### CERTIFICATION OF SERVICE

      Thomas F. Sacchetta, Esquire, attorney for Plaintiff, certifies that a copy of Plaintiff's Response to Defendants' Motion for Summary Judgment has been mailed by U.S. 1st class mail postage prepaid on September 18, 2003 to the following defense attorneys:

Stephen Ledva, Jr., Esquire
Mintzer, Sarowitz, Zeris & Ledva
1528 Walnut Street, 22nd Floor
Philadelphia, PA 19102-3614

Marc F. Ullom, Esquire
Law Offices of John A. Gunheim
2 Penn Center Plaza, Suite 1120
1500 JFK Blvd.
Philadelphia, PA 19102

Walter J. Timby, III, Esquire
Catherine S. Straggas, Esquire
Margolis Edelstein
The Curtis Center
Independence Square West
Philadelphia, PA 19106-3304

Robert S. Davis, Esquire
Davis, Parry, Tyler & Wright
1525 Locust Street, 14th Floor
Philadelphia, PA 19102

Warren E. Kampf, Esquire
WHITE & WILLIAMS
1800 One Liberty Place
Philadelphia, PA 19103-7395

        Respectfully submitted:
        SACCHETTA & BALDINO


BY:_____
      THOMAS F. SACCHETTA
      Attorney for Plaintiff