IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMAS and | : | |
| JOANNE THOMAS, h/w | : | |
| 123 Harvest Drive | : | |
| Thorndale, PA 19372 | : | |
| | : | |
| v. | : | |
| | : | |
| ABX AIR, INC. | : | NO. CA-02-3269 |
| 760 South 11th Street | : | |
| Philadelphia, PA 19147 | : | |
|    Defendant/Third-Party Plaintiff | : | |
|    and | : | |
| PAC NATIONAL | : | |
| 12771 Monarch Street | : | |
| Garden Grove, CA 92841 | : | |
|    Defendant | : | |
|    and | : | |
| MEESE, INC. | : | JURY TRIAL DEMANDED |
| 1745 Cragmont Street | : | |
| Madison, Indiana 47250 | : | |
|    and | : | |
| TRI-LINK TECHNOLOGIES, LTD. | : | |
| 6925 Dollarway Road | : | |
| Pine Bluff, Arkansas 71602 | : | |
|    and | : | |
| GRANGER INDUSTRIES, INC. | : | |
| 1600 M.A.D.E. Industrial Drive | : | |
| Middletown, Ohio 45044 | : | |
|    Third-Party Defendants | : | |

**DEFENDANT ABX AIR, INC.'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT ABX AIR, INC.'S MOTION FOR SUMMARY JUDGMENT,**

**I.   PLAINTIFF'S STRICT LIABILITY CLAIM FAILS BECAUSE ABX AIR, INC. IS NOT A SELLER/SUPPLIER AND THE PRODUCT AT ISSUE IS NOT UNREASONABLY DANGEROUS**

    **A.   ABX IS NEITHER A "SELLER" NOR A "SUPPLIER" AS DEFINED BY SECTION 402A OF THE RESTATMENT (SECOND) OF TORTS**

402A Strict Liability does not apply to a manufacturer of a product if the manufacturer does not market the product to the consuming public. First, it must be noted that ABX, Inc. (hereinafter "ABX") did not manufacture the container at issue in this litigation. ABX manufactured the wooden doors to be used in conjunction with the small blue containers for the purpose of transporting freight. According to Plaintiff, ABX should be held strictly liable for injuries caused by its product and relies on <u>Berkebile v. Brantley Helicopter Corp.</u>, 337 A.2d 893, 462 Pa. 83 (1975) for its proposition.

Plaintiff contends that the <u>Berkebile</u> Court held "the term 'seller' in sec. 402A is used generically to include all suppliers of products." (*See* Plaintiff's Response to Defendants' Motion for Summary Judgment, hereinafter referred to as the "Response," at 2). Plaintiff's reliance on <u>Berkebile</u> is misplaced. The portion of <u>Berkebile</u> quoted by Plaintiff in the Response represents only the partial holding of the court and cannot be given weight when separated from the whole of the holding and cited out of context. What the <u>Berkebile</u> Court said was:

> **"seller is used generically to include all suppliers of products who <u>because they are engaged in the business of selling or supplying a product</u> may be said to have undertaken and assumed a special <u>responsibility to the consuming public</u> and who are in a position to spread the risk of defective products; <u>actual form of transaction whether by sale, lease, or bailment should not alter their obligation.</u>"** <u>Berkebile</u> at 93, (quoting <u>Webb v. Zern</u>, 422 Pa. 424, 220 A.2d 853 (1966)(emphasis added)).

Plainly, the <u>Berkebile</u> Court did not hold that the term "seller" includes all suppliers of products, as Plaintiff contends. Plaintiff's argument suggests that any permissive user of a product may hold the lender to strict liability standards, regardless of whether the lender is a "supplier of goods." <u>Berkebile</u> made a distinction between the form of transaction whereby a supplier can expose the "consuming public" to a product. Such exposure does not have to be by sale alone, but can occur through sale, lease, or bailment. The reasoning behind this is to prevent

those who lease or bail property to the consuming public from escaping 402A liability on a technical application of the term "seller." The Berkebile Court emphasized that suppliers are those "engaged in the business of . . . supplying a product . . . to the consuming public," regardless of the form of transaction.

ABX was neither a seller, a lessor, nor a bailor of the container. Plaintiff was neither a purchaser, a lessee, nor a bailee of the container. ABX is not engaged in the business of supplying the alleged container or its wooden door. ABX is in the business of transporting freight. Therefore, ABX should not be held strictly liable under 402A for injuries allegedly caused by a product ABX produced for its own use and not for sale, lease, or bailment to the consuming public.

Plaintiff also relies on Francioni v.Gibsonia Truck Corp., 372 A.2d 736, 472 Pa. 362 ([sic](1997), claiming that "[a]ll those engaged in the business of supplying products for use or consumption are subject to strict liability for injuries caused by defective condition unreasonably dangerous to the user or the consumer of its property." First, Plaintiff cited this case incorrectly-- this is a 1977 case, not a 1997 case. More importantly, this case involved an injured plaintiff ("Francioni") who was attempting recovery from the lessor of a truck which Francioni claimed was defectively designed and caused his injuries. The Francioni Court held that lessors are subject to strict liability as suppliers of a product, even though they are not sellers. Specifically, the Court stated, "any supplier of a product who, because he is in the business of supplying products, assumes a special responsibility to the consuming public." Francioni at 366. To reiterate, ABX is not in the business of manufacturing, supplying, or selling small blue containers or their wooden doors. ABX is in the business of transporting freight, and any manufacturing of wooden doors that ABX may have done was done for ABX's own use, not for the use of the

consuming public.

Francioni discredits Plaintiff's arguments regarding 402A applicability. The Court quoted Justice Traynor, who said, "... public policy demands that responsibility be fixed wherever it will most effectively reduce the hazard to life and health inherent in defective products that reach the market." Francioni at 366 (quoting Escola v. Coca Cola Bottling Co. of Fresno, 24 Cal.2d 453, 150 P.2d 436 (1944)(emphasis added)). The Francioni Court went on to say "[w]hat is crucial to the rule of strict liability is not the means of marketing but rather the fact of marketing, whether by sale, lease or bailment, for use and consumption by the public." Id. at 367 (emphasis added). ABX did not, in fact, market a product.

Plaintiff further contends that 402A should apply in the instant case because "liability does not turn on the technical existence of a sale." Hoffman v. Misericordia Hospital, 267 A.2d 867 (1970). First, an "occasional" sale, does not make one a "seller" in the 402A sense. (See generally Greenwood v. Busch Entertainment Corp., 101 F.Supp.2d 292 (E.D.Pa. 2000)(where amusement park was deemed not strictly liable for injuries sustained by a parton even though park sold patron ticket for admission). Therefore, even if ABX had sold one or a few of its doors, which it did not, it still would not be subject to 402A strict liabilty.

**B.    PRODUCT AT ISSUE IS NOT UNREASONABLY DANGEROUS**

The Eastern District of Pennsylvania has adopted a seven factor test to determine whether a product is in a defective condition, unreasonably dangerous. (*See* Defendant ABX's Motion for Summary Judgment at 8-11). Plaintiff's Response fails to apply the facts to all of the seven factors comprising the proper analysis and relies mainly on the fact that the door could be removed as being evidence that the product is unreasonably dangerous.

It has been noted in ABX's Motion for Summary Judgment that the fact that the door can

be removed actually lends to the utility of the product and that the Plaintiff forced the door open instead of exercising care in the use of the product. Plaintiff also suggests that implementation of door stops would make the product safer. While the use of door stops has been attempted in the past, it was not done so for the purpose of making the product safer. Stops were initially implemented because employees were failing to replace the doors after removing them and they were getting lost. (*See* page 47 of Deposition of Bart Early, attached hereto as Exhibit "A"). There is no evidence that anyone has ever been injured by the wooden doors. Most importantly, Plaintiff, by his own admission, forced the door open. After a thorough risk-utility analysis, there is absolutely no evidence that the product is unreasonably dangerous.

II. **PLAINTIFF'S SEPARATE NEGLIGENCE CLAIM FAILS BECAUSE OF LACK OF EVIDENCE**

First, it is not conceded, as Plaintiff states in the Response, that ABX owed a duty to Plaintiff to ensure that the container and door were in a safe and usable condition. Secondly, Plaintiff relies merely on his own testimony to prove breach of duty. However, there are no eyewitnesses to support Plaintiff's allegations.

Assuming, *arguendo*, that ABX owed Plaintiff a duty, there is no evidence whatsoever to demonstrate that there was a breach of any duty. In Defendants' expert report, attached hereto as Exhibit "B," at page 4, it is stated that, "the subject container and its sliding door mechanism were designed and manufactured in accordance with prudent engineering and safety practices, and violated no known code, standard or engineering principle applicable to the equipment at the time of manufacture."

Plaintiff's report implies that the use of stops may have improved the safety of the container and door, however, "the stops proposed by Mr. Anderson were not practical as

described, would not substantially alter the safety aspects and potential hazards associated with lifting and manipulating the sliding door design, would not eliminate the need for the operator to exercise ordinary care and proper control of the door sections, and would not have prevented the injury to Mr. Thomas in the previously described scenario." See Exhibit "B" at 5.

Furthermore, as stated in ABX's Motion for Summary Judgment, the total lack of evidence in this case was not preserved, without it, establishment of causation is impossible. Therefore, Plaintiff's negligence claim fails.

### III. CONCLUSION

Plaintiff's 402A claim fails because ABX is neither a seller nor a supplier to whom Strict Liability attaches under 402A. As such, all other claims brought by Plaintiff under 402A fail. Additionally, Plaintiff's negligence claim fails because, *inter alia*, there is lack of evidence to establish duty, breach and causation. Accordingly, ABX is entitled to summary judgment.

                                                    MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS

By:_____
     STEPHEN LEDVA, JR., ESQUIRE
     1528 Walnut Street, 22nd Floor
     Philadelphia, PA 19102
     (215) 735-7200
     Attorney for Defendants
     ABX AIR, INC.