IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
JOSEPH THOMAS and           : CIVIL ACTION
JOANNE THOMAS, h/w          :
                            :
     vs.                    : NO. 02-3269
                            :
ABX AIR, INC. and PAC NATIONAL:
                            :
     vs.                    :
                            :
MEESE, INC. and TRI-LINK    :
TECHNOLOGIES, LTD. and      :
GRANGER INDUSTRIES, INC.    :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                          **October    , 2003**

By way of the motion which is now before this Court, Defendant, ABX Air, Inc. moves for the entry of summary judgment in its favor on all of the counts of the plaintiffs' complaint. For the reasons which follow, the motion will be granted in part and denied in part.

**Statement of Facts**

This case has its origins in an accident which occurred on January 11, 2000 when the husband-plaintiff, Joseph Thomas, was unloading a small blue freight truck container for his employer, Airborne Freight Corporation. Apparently, while Mr. Thomas was in the process of unloading the container, its vertical sliding plywood door suddenly released, left its track, and struck him in

the head, injuring him.

On January 11, 2001, Plaintiffs commenced this lawsuit in the Court of Common Pleas of Philadelphia County seeking damages under the theories of strict liability, negligence and loss of consortium, alleging that the container which injured Mr. Thomas was defective and that it was the defendants who designed, installed, manufactured and sold it.  The case was thereafter removed to this Court on the basis of diversity jurisdiction and Defendant ABX filed a third party complaint joining Additional Defendants Meese, Inc., Tri-Link Technologies and Granger Industries in February, 2003 on the grounds that one or all of them designed, manufactured and/or sold the blue container and the plywood door which injured the plaintiff.

### Standards Governing Summary Judgment Motions

It is recognized that the underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 50 L. Ed. 2d 748, 97 S. Ct. 732 (1977). Under Fed.R.Civ.P. 56(c), summary judgment is properly rendered:

> "...if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Stated more succinctly, summary judgment is appropriate only when it is demonstrated that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-32, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

In deciding a motion for summary judgment, all facts must be viewed and all reasonable inferences must be drawn in favor of the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); Oritani Savings & Loan Association v. Fidelity & Deposit Company of Maryland, 989 F.2d 635, 638 (3rd Cir. 1993); Troy Chemical Corp. v. Teamsters Union Local No. 408, 37 F.3d 123, 125-126 (3rd Cir. 1994); Arnold Pontiac-GMC, Inc. v. General Motors Corp., 700 F. Supp. 838, 840 (W.D. Pa. 1988). An issue of material fact is said to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

In Celotex Corp. v. Catrett, supra, the Supreme Court articulated the allocation of burdens between a moving and nonmoving party in a motion for summary judgment. Specifically the Court in that case held that the movant had the initial burden of showing the court the absence of a genuine issue of material fact, but that this did not require the movant to

support the motion with affidavits or other materials that negated the opponent's claim. Celotex, 477 U.S. at 323. The Court also held that Rule 56(e) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions, on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed.R.Civ.P. 56(e)). This does not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose its own witnesses. Rather, Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the required showing that a genuine issue of material fact exists. Id. See Also, Morgan v. Havir Manufacturing Co., 887 F.Supp. 759 (E.D.Pa. 1994); McGrath v. City of Philadelphia, 864 F.Supp. 466, 472-473 (E.D.Pa. 1994).

## Discussion

As the basis for the entry of summary judgment in its favor, ABX asserts: (1) that as it was not a seller of either the small blue container or the door, it cannot be held strictly liable under Pennsylvania law; (2) that even assuming arguendo that it

was a seller within the meaning of Pennsylvania law, the product in question was not unreasonably dangerous or defective; and (3) that since neither the container nor the door have been preserved or were examined by any experts, Plaintiffs cannot prove negligence.  We address these arguments *seriatim*.

To prevail on a theory of strict liability, the plaintiff must show that (1) the product was defective and was so when it left the manufacturer and (2) that the defect was a substantial factor in causing the plaintiff's injury.  <u>Spino v. John S. Tilley Ladder Co.</u>, 548 Pa. 286, 293, 696 A.2d 1169, 1171 (1997); <u>Berkebile v. Brantly Helicopter Corp.</u>, 462 Pa. 83, 93-94, 337 A.2d 893, 898 (1975).  In <u>Webb v. Zern</u>, 422 Pa. 424, 220 A.2d 853 (1966), the Pennsylvania Supreme Court formally adopted Section 402A of the Restatement (Second) of Torts as the law of the Commonwealth.  Specifically, that section reads:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> > (a) the seller is engaged in the business of selling such a product, and
> >
> > (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
> > (a) the seller has exercised all possible care in the preparation and sale of his product, and

>   (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Of course, the law of products liability developed in response to changing societal concerns over the relationship between the consumer and the seller of a product. <u>Berkebile</u>, <u>supra</u>. It was felt that the increasing complexity of the manufacturing and distributional process placed upon the injured plaintiff a nearly impossible burden of proving negligence where, for policy reasons, it was felt that a seller should be responsible for injuries caused by defects in his products. <u>Id</u>. The <u>Berkebile</u> court further noted,

> "the term 'seller' is used generically to include all suppliers of products who, because they are engaged in the business of selling or supplying a product may be said to have undertaken and assumed a special responsibility toward the consuming public and who are in a position to spread the risk of a defective product. Thus, the actual form of the transactions of such suppliers, whether by sale, lease or bailment should not alter their obligations, although occasional sellers who are not in the business of selling or supplying such products are not "sellers" subject to strict liability.

<u>Berkebile</u>, 337 A.2d at 898, n.3, citing Restatement (Second) of Torts, §402A, comment *c*. <u>See Also</u>: <u>Davis v. Berwind Corporation</u>, 547 Pa. 260, 266, 690 A.2d 186, 189-190 (1997); <u>Francioni v. Gibsonia Truck Corp.</u>, 472 Pa. 362, 366, 372 A.2d 736, 738-739 (1977). Thus, as the foregoing makes clear, engagement in the business of selling or leasing products or otherwise placing them into the stream of commerce such that they reach the consuming

public is a basic threshold requirement to proving liability under Section 402A.    See, e.g., Francioni, 372 A.2d at 739.

In application of the preceding principles, we cannot find any evidence whatsoever that the moving defendant sold, leased, marketed or in any other manner placed either the small blue truck containers or the plywood doors into the hands of the consuming public so as to render it subject to liability under Section 402A.  Indeed, in reviewing the limited record produced in the case at hand, it appears that the small blue truck containers such as the one which Plaintiff was unloading when he was injured were manufactured by either Meese or Granger Plastics and purchased by ABX, (which is a wholly owned subsidiary of Airborne Freight Corporation) for use in their cargo delivery services. (Exhibit "B" to Defendant's Motion for Summary Judgment at p. 27). Originally, the containers were equipped with vacuum formed doors but the use of these doors was discontinued in the early 1990's because the doors were extremely heavy and easily broken.  (Exhibit "B" at pp. 41-42; Exhibit "C" to Motion for Summary Judgment, at p. 26.)  For sometime thereafter in the mid-1990's, the container doors were made of composite panels, usually a balsa wood core with an aluminum facing.  (Exhibit "B", at pp. 41-42).  The composite doors were manufactured by several different companies, one of them being Tri-Link Technologies. (Exhibit "B", at p. 42).

Beginning in the fourth quarter of 1994, ABX began using the plywood doors on its small truck containers, primarily because its existing door vendor could not keep up with its demand for the composite doors and also because plywood was less expensive. (Exhibit "B" at 43; Exhibit "C" at 27). As the doors were taken out of service or became damaged or unusable, ABX would replace them with plywood doors which it either fabricated in-house or which were manufactured by and purchased from Tri-Link. (Exhibit "B", p. 46; Exhibit "D"). Throughout, the design of the doors remained the same, with hinged, folding panels, such that as the door is lifted up, the upper panels are designed to fold down thereby enabling the container to be loaded and unloaded and opened and closed in sections. (Exhibit "B" at pp. 43-44, 53; Exhibit "C" at p. 26). ABX, however, has never sold the plywood doors which it manufactures to any other individuals or business entities, nor has it re-sold or leased any of the doors which it purchased from Tri-Link nor is it in the business of manufacturing and selling plywood doors. (Exhibit "D").[1]  Thus, we cannot find that the policy considerations which underlie strict product liability would be advanced by applying them to this defendant and we therefore grant the defendant's motion for

---

[1] Exhibit "D" to the Defendant's Motion for Summary Judgment is a Declaration from Bart Early, ABX's Manager of Container Repairs. It is the only evidence of record on the issue of whether ABX is a "seller" within the meaning of Section 402A.

8

summary judgment as to Count I of the complaint.[2]  <u>See Also</u>: <u>Jones v. SEPTA</u>, 834 F.Supp. 766, 771 (E.D.Pa. 1993).

Turning now to Plaintiffs' remaining claims, we note that to prevail on a negligence cause of action under Pennsylvania law, a plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff and the plaintiff suffered an actual loss or damage as a result.  <u>Martin v. Evans</u>, 551 Pa. 496, 502, 711 A.2d 458, 461 (1998).  Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances.  <u>Id</u>.

Loss of consortium is recognized as a right growing out of the marriage relationship which the husband and wife have respectively to the society, companionship and affection of each other in their life together.  An interference with this right of consortium by the negligent injury to one's spouse thus affords the other spouse a legal cause of action to recover damages for that interference. <u>Dugan v. Bell Telephone of Pennsylvania</u>, 876 F.Supp. 713, 728 (W.D.Pa. 1994), citing <u>Anchorstar v. Mack Trucks, Inc.</u>, 533 Pa. 177, 620 A.2d 1120, 1122 (1993) and <u>Burns v. Pepsi-Cola Metro. Bottling Co.</u>, 353 Pa.Super. 571, 510 A.2d

---

[2] As we have found no evidence that Moving Defendant was a "seller" within the meaning of §402A, we need not and do not reach the issue of whether or not the plywood door was unreasonably dangerous or defective.

810, 812 (1986).  Under Pennsylvania law, a spouse's right to recover for loss of consortium derives only from the other spouse's recovery in tort.  <u>Blum v. Council Rock School District</u>, Civ. A. No. 02-CV-769, 2003 U.S. Dist. LEXIS 3022 at *19 (E.D.Pa. Feb. 14, 2003); <u>Szydlowski v. City of Philadelphia</u>, 134 F.Supp.2d 636, 639 (E.D.Pa. 2001); <u>Stipp v. Kim</u>, 874 F.Supp. 663 (E.D.Pa. 1995).

As noted earlier, ABX argues that it is entitled to summary judgment because neither the door nor the container have been preserved or examined by expert witnesses and hence the plaintiffs cannot prove negligence.  We disagree.  As ABX itself has acknowledged, it may have owed a duty to Plaintiff to ensure that the container and door were in a safe and usable condition.  While it appears to be undisputed that neither the actual container nor the plywood door which were involved in this accident have been preserved, we believe that Plaintiffs have adduced sufficient evidence that the defendant breached this duty through the testimony of the plaintiff himself and the other ABX/Airborne employees who were either witnesses to the plaintiff's accident or knowledgeable about the container and door at issue.  Accordingly, we deny the summary judgment motion with respect to the remaining claims for negligence and loss of consortium.

An order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
JOSEPH THOMAS and             : CIVIL ACTION
JOANNE THOMAS, h/w            :
                              :
      vs.                     : NO. 02-3269
                              :
ABX AIR, INC. and PAC NATIONAL:
                              :
      vs.                     :
                              :
MEESE, INC. and TRI-LINK      :
TECHNOLOGIES, LTD. and        :
GRANGER INDUSTRIES, INC.      :
```

**<u>ORDER</u>**

AND NOW, this            day of October, 2003, upon consideration of the Motion for Summary Judgment of Defendant ABX Air, Inc. and Plaintiffs' Response thereto, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART and judgment is hereby entered in favor of the Moving Defendant and against Plaintiffs as a matter of law on Count I of Plaintiffs' Complaint.

IT IS FURTHER ORDERED that the Motion is DENIED in all other respects.

BY THE COURT:

_____

                                        J. CURTIS JOYNER,          J.

J. CURTIS JOYNER,          J.